IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **FELIX VALADEZ**, *et al.*, § § *Plaintiffs*, § § v. § § **KEN PAXTON**, in his official capacity as § Attorney General of the State of Texas, and § **ED SERNA**, in his official capacity as § Executive Director of the Texas Workforce § Commission, § § *Defendants*. § | **CIVIL ACTION NO. 1:21-cv-519-RP** |

## ORDER GRANTING PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION

Plaintiffs Felix Valadez, Luis Carrizoza, Abigail Reyes, Amada Man, and Texas Entertainment Association, Inc., move for a preliminary injunction against Defendants, Ken Paxton, in his official capacity as Attorney General of the State of Texas, and Ed Serna, in his official capacity as Executive Director of the Texas Workforce Commission.

Plaintiffs request a preliminary injunction enjoining Defendants, as well as a Defendant Class of local law enforcement officials, from enforcing any of Senate Bill 315's age-related amendments to Texas Civil Practice & Remedies Code § 125.0015, Texas Labor Code §§ 51.016 and 51.031(b), and Texas Penal Code § 43.251.

Upon examination of Plaintiffs' Original Complaint, Amended Motion for Preliminary Injunction, and Motion for Provisional Class Certification, the evidence before the Court, and the responses of Defendants, Plaintiffs have satisfied the elements necessary for issuance of a preliminary injunction on a class-wide basis.

1

Plaintiffs have a substantial likelihood of success on their claims that S.B. 315's age restrictions on employment or work at or with a "sexually oriented business" are unconstitutional.

Plaintiffs have a substantial likelihood of success on their claims under the First Amendment. The challenged amendments to Texas law infringe the individual Plaintiffs' First Amendment rights to engage in expression and association for expressive purposes. The same holds true for members of the Plaintiff Classes.

The age restrictions are not likely to satisfy intermediate scrutiny because they do not further a substantial governmental interest and they are no mere incidental restriction on First Amendment freedoms; they are far greater than is essential to the furtherance of the state's interests.

Further, the age restrictions violate the overbreadth doctrine because the impermissible applications of the amended laws are substantial when judged in relation to their previously legitimate sweep.

Plaintiffs have a substantial likelihood of success on their claims that the age-related amendments to Texas laws violate the Due Process Clause of the Fourteenth Amendment, as well as the Texas Constitution's due course of law provision under Article I, § 19. The challenged amendments deprive Plaintiffs and members of the proposed Plaintiff Classes of their occupational liberty interest. The age restrictions are not likely to satisfy rational basis review because they are not rationally related to the state's asserted interests.

Without an injunction, Plaintiffs and members of the Plaintiff Classes will suffer irreparable injury. The challenged provisions inflict broad sweeping constitutional injury upon all of them. The balance of harms favors Plaintiffs and Plaintiff Class Members, and a preliminary injunction will serve the public interest.

The Court further finds that granting preliminary injunctive relief on a class-wide basis is appropriate. Plaintiffs propose three classes:

**Due Process Plaintiff Class.** All persons in the State of Texas between the ages of 18 and 20 years old who have been, or would be, employed or contracted to provide, any lawful work or service at or with an SOB as defined in Tex. Loc. Gov't Code § 243.002, or any "sexually oriented commercial activity" as defined in Tex. Penal Code § 43.251(a)(5), but for S.B. 315's amendments to Texas laws.

**First Amendment Plaintiff Subclass.** All persons in the State of Texas between the ages of 18 and 20 years old who have been, or would be, employed or contracted to provide, any lawful work or service involving protected expression or association for expressive purposes at or with an SOB as defined in Tex. Loc. Gov't Code § 243.002, or any "sexually oriented commercial activity" as defined in Tex. Penal Code § 43.251(a)(5), but for S.B. 315's amendments to Texas laws.

**Defendant Class.** All district, county, and city attorneys in the State of Texas with authority to prosecute, sue, or enforce Texas Civil Practice & Remedies Code § 125.0015(a)(19), as amended by section 5 of S.B. 315, Texas Labor Code §§ 51.016(b), (h), (i), and § 51.031(b), as amended by sections 6 and 7 of S.B. 315, and/or Texas Penal Code § 43.251, as amended by section 8 of S.B. 315. Plaintiffs propose the Attorney General as the class representative for the Defendant Class.

The Court finds that the Plaintiff and Defendant Classes are sufficiently numerous such that joinder is impractical. Fed. R. Civ. P. 23(a)(1). S.B. 315 has already caused SOBs around the state to terminate their working relationships with scores of men and women who are between the ages of 18-20-years of age.

The Court finds that commonality is satisfied. Fed. R. Civ. P. 23(a)(2). There are common questions of fact and law that, if answered, will resolve the claims one and for all. The common questions of fact center on the factual predicates for the amended laws' applicability and enforcement: whether (1) a person is between 18-20-years-old, and (2) whether he or she is employed by or has contracted with an SOB to provide any lawful work or service at or with an SOB as that term is defined under state law. For the proposed First Amendment Plaintiff Class,

3

there is an additional common question of fact: whether the class member's work at an SOB involves any form of protected expression.

Commonality is also satisfied because there are common questions of law that center on the overarching contention that S.B. 315's aged-based amendments to Texas laws are facially unconstitutional. The common questions of law include whether S.B. 315's age-related amendments: (1) infringe the individual Plaintiffs' and Plaintiff Class Members' occupational liberty interests secured to them under the Fourteenth Amendment's Due Process Clause and the Texas Constitution's due course of law provision, and (2) whether the amended laws suffer from unconstitutional vagueness or overbreadth. For the proposed First Amendment Plaintiff Class, there is an additional common question of law: whether the class members' protected right to engage in lawful expressive activities (and association for expressive purposes) through their work at or with an SOB has been impaired by S.B. 315's age-based restrictions.

The Court finds that typicality is satisfied. Fed. R. Civ. P. 23(a)(3). The named Plaintiffs' claims and the relief sought are typical of the members of the proposed Plaintiff Classes. Further, the defenses of the named Defendants are typical of the defenses that members of the Defendant Class would have if they were named parties in this action.

The Court finds that adequacy of representation is satisfied. Fed. R. Civ. P. 23(a)(4). The all named Plaintiffs will fairly and adequately protect the interest of the Plaintiff Classes because they possess the same interest and are subject to the same challenged laws. The Court finds that, as demonstrated by their backgrounds and handling of the case thus far, Plaintiffs' counsel are competent to undertake this litigation and will continue to vigorously prosecute the action on behalf of the Plaintiff Classes. Accordingly, they are designated as class counsel.

The Attorney General is a proper and adequate representative for the Defendant Class. The Attorney General is authorized to enforce the same set of challenged laws that members of the Defendant Class are responsible for enforcing on a local level. Designating the Attorney General as the representative of the Defendant Class will further avoid conflicts that could be yielded if a local prosecutor were joined as a named Defendant.

The Court finds that, under the facts and circumstances of this case, the proposed Plaintiff and Defendant Classes warrant certification under Fed. R. Civ. P. 23(b)(2). A principal purpose of Rule 23(b)(2) class actions is to enable class resolution of civil liberties claims alleging broad deprivations of protected rights. Rule 23(b)(2) applies because, in light of the claims at issue, the challenged laws are such that their enforcement can be enjoined or declared unlawful only as to all of the class members or as to none of them. Accordingly, a single, indivisible remedy will provide relief to each class member, making certification appropriate under Rule 23(b)(2).

For the reasons set out above, the Court hereby GRANTS Plaintiffs' motions for class certification and for preliminary injunction. IT IS THEREFORE ORDERED that Defendants and the Defendant Class, their officers, agents, servants, and employees, those persons in active concert or participation with them, and anyone else who receives actual notice of the order by personal service or otherwise, are enjoined from enforcing or implementing S.B. 315's amendments to: (1) Chapter 125 of the Texas Civil Practice and Remedies Code; (2) Chapter 51 of the Texas Labor Code; and (3) Texas Penal Code § 43.251.

IT IS FURTHER ORDERED that in the exercise of the Court's discretion, Plaintiffs are not required to post a bond.

This order shall be effective immediately. All requirements, terms, and conditions of this preliminary injunction shall remain in effect and continue in force and effect until further order of

this Court, or until this Court renders final judgment. Defendants shall have an opportunity to seek decertification of the classes at a later date and in accord with the Court's scheduling orders.

The clerk of this Court shall provide a copy of this Preliminary Injunction to all parties.

**IT IS SO ORDERED.**

SIGNED on July _____, 2021.

_____
UNITED STATES DISTRICT JUDGE
ROBERT PITMAN