IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **FELIX VALADEZ**, *et al.*, | § |
| *Plaintiffs*, | § § § |
| v. | § § |
| **KEN PAXTON**, in his official capacity as Attorney General of the State of Texas, and **ED SERNA**, in his official capacity as Executive Director of the Texas Workforce Commission, | § § § § § § § §  CIVIL ACTION NO. 1:21-cv-519-RP |
| *Defendants*. | § |

## PLAINTIFFS' MOTION TO STRIKE PORTIONS OF THE DECLARATION OF CARA FOOS PIERCE

Plaintiffs Felix Valadez, Luis Carrizoza, Abigail Reyes, Amada Man, and Texas Entertainment Association, Inc., move to strike to the Declaration of Cara Foos Pierce offered by Defendants, Ken Paxton, in his official capacity as Attorney General of the State of Texas, and Ed Serna, in his official capacity as Executive Director of the Texas Workforce Commission.

## SUMMARY

Although the evidentiary procedures at the preliminary injunction stage are relaxed, *Sierra Club, Lone Star Chapter v. F.D.I.C.*, 992 F.2d 545, 551 (5th Cir. 1993), out of an abundance of caution, Plaintiffs object to paragraphs 5-10 of Ms. Pierce's declaration because the statements contained therein lack foundation and otherwise constitute inadmissible expert opinions and conclusions. FED. R. EVID. 602; 702.

1

If Ms. Pierce's declaration is considered, Plaintiffs alternatively ask the Court to accord her statements the appropriate weight in light of their objections. *See Tex. Health & Human Services Comm'n v. United States*, 166 F. Supp. 3d 706, 711, n. 5 (N.D. Tex. 2016) (observing that while a court may consider inadmissible evidence in determining an application for a preliminary injunction, "That does not necessarily make it persuasive").

## BACKGROUND

Ms. Pierce is the Chief of the Texas Attorney General's Human Trafficking and Transnational Organized Crime Division. As a federal prosecutor in North Texas, she prosecuted "more than 80 human trafficking cases" and asserts that SOBs "played a role in over half of those cases." (Pierce Dec., ¶¶ 1-3). Ms. Pierce provides a few facts from one case she handled involving a "teenaged victim," and another involving a 14-year-old female victim. (*Id.* at ¶¶ 3-4).

Based on "[t]he cases described above," Ms. Pierce draws conclusions about "some of the roles [SOBs] can play in human trafficking," (Pierce Dec., ¶ 5), and opines relative to how "[i]ncreasing the age of employment at strip clubs to 21 will prevent exploitation of children," traffickers may utilize SOBs, and how chronological age dictates life experience, among other things. (*Id.* at ¶¶ 6-9).

## ARGUMENT

Defendants presumably offer Ms. Pierce's declaration for its potential as expert evidence. To that end, Plaintiffs object to paragraphs 5-10 of Ms. Pierce's declaration on grounds that these statements lack foundation and constitute inadmissible expert opinions that rely on *ipse dixit*.

The statements and conclusions in Ms. Pierce's declaration are not founded in any cited studies, reports, surveys, or articles regarding human trafficking crimes. Instead, she relies solely

2

on her prosecutorial experience.

While her legal work is laudable, it is described at the highest levels of generality. She does not refer to any definitional boundaries for the "sexually-oriented businesses" involved in her cases, allude to what types of SOBs were involved ("[t]hese cases were not simply limited to clubs featuring exotic dancing"), hint at whether some types of SOBs were more prevalent than others, what roles those SOBs played in her cases (aside from statements such as "back rooms or private areas" are "where human trafficking occurs,") or how many of her human trafficking prosecutions actually resulted in convictions. (Pierce Dec., ¶ 3).

On the basis of her broadly stated prosecutorial experience, Ms. Pierce first opines that increasing the "age of employment at strip clubs … will prevent exploitation of children" and "make it harder for traffickers" who "frequently utilize" SOBs for various purposes. (Pierce Dec., ¶¶ 6-8). However, witnesses "relying solely or primarily on experience … must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." FED. R. EVID. 702 advisory committee's note (2000 Amendment). That information is missing here because Ms. Pierce's "opinion evidence … is connected to existing data [*i.e.*, her experience] only by the *ipse dixit* of the expert." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 156 (1999).

Her broadly drawn statistical conclusions in paragraph 8 suffers from lack of foundation as well. Since her body of prosecutorial work consisted of cases involving adult *and* child victims, *i.e.*, "[v]ictims as young as 13 and as old as 30," the statement that "[m]ost adult victims in my human trafficking cases were between the ages of 18-21" could mean anything from three, four, five to 40 cases involving adults. (Pierce Dec., ¶¶ 3, 8(a)).

3

Last, Ms. Pierce offers absolutely no basis for her opinions vis-à-vis which "people [are] at higher risk of exploitation" aside from her say-so. (Pierce Dec., ¶ 9). Nor does she offer any sort of basis for her opinion that enjoining S.B. 315 will hinder law enforcement's efforts to combat human trafficking. (*Id.* at ¶ 10). Aside from the fact that Ms. Pierce was apparently quite successful pursuing cases against human traffickers before S.B. 315 became effective, Ms. Pierce's conclusions in paragraph 10 are wholly speculative since S.B. 315 is a new law, and she points to no pending prosecutions that could theoretically be so hamstrung by an injunction.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs ask the Court to strike the challenged portions of Ms. Pierce's declaration, and for any other relief to which they may be justly entitled.

Respectfully submitted,

WALLACE & ALLEN, LLP

*/s/ Casey T. Wallace*
Casey T. Wallace
State Bar No. 00795827
Benjamin W. Allen
State Bar No. 24069288
William X. King
State Bar No. 24072496
440 Louisiana, Suite 1500
Houston, Texas 77002
Tel: (713) 227-1744
Fax: (713) 227-0104
cwallace@wallaceallen.com
ballen@wallacellen.com
wking@wallaceallen.com
**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I certify that the foregoing document has been served on counsel of record in accordance with the Federal Rules of Civil Procedure via filing through the Court's CM/ECF system on July 16, 2021.

>Christopher Hilton, Deputy Chief
>Ryan Kercher, Assistant Attorney General
>General Litigation Division
>Office of the Attorney General
>P. O. Box 12548, Capitol Station
>Austin, Texas 78711
>Tel: (512) 463-2120
>Fax: (512) 320-0667
>Ryan.Kercher@oag.texas.gov
>Christopher.Hilton@oag.texas.gov
>**ATTORNEYS FOR DEFENDANTS**

>>*/s/ Casey T. Wallace*
>>Casey T. Wallace