IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FELIX VALADEZ, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 1-21-CV-519-RP |
| | § | |
| KEN PAXTON, *in his official capacity as* | § | |
| *Attorney General of Texas*, and ED SERNA, | § | |
| *in his official capacity as Executive Director* | § | |
| *of the Texas Workforce Commission*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court is Plaintiffs Felix Valadez, Abigail Reyes, Amada Man, and Texas

Entertainment Association, Inc.'s ("Plaintiffs") August 12, 2021 motion for reconsideration of the

Court's July 20, 2021 order denying Plaintiffs' Motion for Preliminary Injunction. (Mot. Reconsider.,

Dkt. 31; Order, Dkt. 29). Defendants Ken Paxton and Ed Serna ("Defendants") responded on

August 27, 2021. (Resp., Dkt. 33). Plaintiffs filed a reply on September 3, 2021. (Reply, Dkt. 34).

After considering the briefing, the record, and the relevant law, the Court denies Plaintiffs' motion

for reconsideration.

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for

reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). "A

motion filed after judgment requesting that the court reconsider its decision in light of additional

evidence constitutes either a motion to 'alter or amend' under Fed. R. Civ. P. 59(e) or a motion for

'relief from judgment' under Fed. R. Civ. P. 60(b)." *Texas A&M Research Found. v. Magna Transp., Inc.*,

338 F.3d 394, 400 (5th Cir. 2003). The date when the relief-seeking party files the motion determines

which rule applies: if the motion is filed within 28 days after the entry of final judgment, it is subject to Rule 59(e); otherwise it is subject to Rule 60(b). *Id.*[1]

Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). It is not the proper vehicle to "raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Because Plaintiffs filed their motion within 28 days of the Court's entry of its order denying a preliminary injunction, (Order, Dkt. 29), this motion is subject to Rule 59(e). (*See* Mot. Reconsider., Dkt. 31); *Texas A&M Research Found.*, 338 F.3d at 400. Plaintiffs properly invoke Rule 59(e) in their motion. (Mot. Reconsider, Dkt. 31, at 1).

The Court does not find good cause to vacate its previous judgment. Plaintiffs argue that the Court erroneously applied intermediate scrutiny where it should have applied strict scrutiny. (*See* Mot. Reconsider, Dkt. 31, at 4–11). As Defendants correctly note, Plaintiffs' motion consists entirely of arguments which could have been made before the judgment issued. (Resp., Dkt. 33, at 2–3; *see Simon*, 891 F.2d at 1159). Although Plaintiffs argue the Court made a manifest error of law in applying the incorrect standard of scrutiny, any such error in this regard is insufficient to sustain a motion to reconsider because, most notably, Plaintiffs' own briefing "[a]ssum[es] for present purposes that intermediate scrutiny applies[,]" and uses this standard as the basis for their claims. (Mot. Prelim. Inj., Dkt. 5, at 12). Plaintiffs could have, but failed to, properly raise the strict scrutiny

---

[1] *Texas A&M Research Found.* discussed the 10-day period specified in the version of Rule 59(e) in effect when it was decided in 2003. 338 F.3d at 400. In 2009, Rule 59 was amended to extend the 10-day period to 28 days. Fed. R. Civ. P. 59 advisory committee's note to 2009 amendment. However, the logic of the *Texas A&M Research Found.* rule still applies to the extended period.

argument in their initial briefing. Plaintiffs produce no new evidence to support their motion, *see Waltman*, 875 F.3d at 473, and the cases they cite predate this action. (Resp. Dkt. 33, at 3; *see Reed v. Town of Gilbert*, 576 U.S. 155 (2015); *Reagan Nat'l Advert. Of Austin, Inc. v. City of Austin*, 972 F.3d 696 (5th Cir. 2020) cert. granted sub nom. *Austin, TX v. Reagan Nat. Advert.*, 20-1029, 2021 WL 2637836 (U.S. Jun. 28, 2021)).

Plaintiffs' argument is inapt in the context of a motion to vacate a judgment. However, the Court expresses no opinion as to whether, at a later stage of the litigation, and with full briefing on the matter, it may find strict scrutiny to be appropriate in this case. But at this stage, given the novelty, complexity, and import of the constitutional issue, and Plaintiffs' own earlier briefing, the Court declines to alter its previous judgment. Ultimately, Plaintiffs rely solely on arguments that they could have—perhaps should have—made in their initial briefing, but failed to. These circumstances do not present a compelling reason to support the "extraordinary remedy" of vacating a judgment. *See Templet*, 367 F.3d at 479. Again, the Court emphasizes that Plaintiffs are free to raise these arguments at an appropriate time, when they may be briefed in full.

Accordingly, **IT IS ORDERED** that Plaintiffs' motion for reconsideration, (Dkt. 31), is **DENIED**.

**SIGNED** on January 20, 2022.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE