IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FELIX VALADEZ, LUIS CARRIZOZA, ABIGAIL REYES, AMADA MAN, and TEXAS ENTERTAINMENT ASSOCIATION, INC.<br><br>*Plaintiffs*<br><br>v.<br><br>KEN PAXTON, in his official capacity as Attorney General of the State of Texas, and ED SERNA, in his official capacity as Executive Director of the Texas Workforce Commission,<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:21-CV-519 |

# DEFENDANTS' ANSWER TO
# PLAINTIFFS' AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendants Ken Paxton, in his official capacity as Attorney General of the State of Texas, and Ed Serna, in his official capacity as Executive Director of the Texas Workforce Commission ("Defendants") file Defendants' Answer to Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief (Doc. 39). In support, Defendants would show as follows:

## I. DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation contained in the Amended Complaint except for those expressly admitted herein. The headings and numbered paragraphs below directly correlate to the sections and numbered paragraphs of the Amended Complaint. Those titles and headings are reproduced in this

Answer for organizational purposes only, and Defendants do not admit any matter contained therein.

## II. INTRODUCTION

1. Admit.

2. Defendants admit that S.B. 315 amended the Texas Penal Code Section 43.251(a)(1) definition of "child" to mean, "a person younger than 21 years of age," whereas it had previously defined the word to mean, "a person younger than 18 years of age." Defendants admit S.B. 315 makes it unlawful for an SOB to employ a "child" under this definition in any capacity. Defendants deny S.B. 315 refers to competency.

3. Deny.

4. Defendants deny that S.B. 315 can criminalize a legal relationship, inasmuch as the sentence states a contradiction. Otherwise, admit.

5. Defendants deny the first sentence in Paragraph 5. Defendants admit Paragraph 5 accurately quotes Texas Civil Practice and Remedies Code Section 129.001. Defendants admit that Texas Family Code Section 2.101 precludes county clerks from issuing marriage licenses to applicants under the age of 18, absent certain exceptions. Defendants admit Texas Government Code Section 466.3051(c) permits persons 18 years of age or older to purchase a lottery ticket to give as a gift. Defendants deny that Texas Penal Code Section 8.07(d) allows for the execution of persons aged 18 or older, but admits that Section 8.07(c) precludes persons from execution for offenses committed while the person was younger than 18 years. Defendants admit that Texas Alcoholic Beverage Code Section 106.09 precludes employment of person under 18 years of age to sell, prepare, serve, or otherwise handle liquor, or to assist in doing so, but denies that persons 18 years of age or older may lawfully sell alcohol in every

context. Defendants admit that Texas Election Code Section 11.002(a)(1) sets the minimum age for a "qualified voter" at 18 years. Defendants admit that the Twenty Sixth Amendment grants the right to vote to citizens aged 18 years or older, but denies the Amendment is "Texas law." Defendants admit the quoted language appears in *Moore v. Sticks Billiards, Inc.* 1996 WL 400302, at *2 (Tex.App.—Houston [14th Dist.] Jul. 18, 1996, writ denied), denies that opinion intends Plaintiffs' added language, "[i]n all respects." Defendants deny any remaining allegations in Paragraph 5.

6. Defendants admit that Plaintiffs request the relief described, but deny they are entitled to such relief.

### III. PARTIES

7. Defendants are without sufficient information to admit or deny the allegations in Paragraph 7.

8. Defendants are without sufficient information to admit or deny the allegations in Paragraph 8.

9. Defendants are without sufficient information to admit or deny the allegations in Paragraph 9.

10. Defendants are without sufficient information to admit or deny the allegations in Paragraph 10.

11. Defendants are without sufficient information to admit or deny the allegations in Paragraph 11.

12. Defendants are without sufficient information to admit or deny the allegations in Paragraph 12.

13. Defendants are without sufficient information to admit or deny the allegations in Paragraph 13.

14. Defendants are without sufficient information to admit or deny the allegations in Paragraph 14.

15. Admit.

16. Defendants deny Defendant Ed Serna, in his official capacity as Executive Director of the Texas Workforce Commission, is charged with enforcement of every provision of the Texas Labor Code. Otherwise, admit.

### IV. JURISDICTION & VENUE

17. Defendants admit 28 U.S.C. Section 1331 gives this Court jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. Defendants admit 28 U.S.C. Section 1343(a)(3) give this Court jurisdiction over alleged deprivations under color of State law, statute, ordinance, regulation, custom or usage, of any right, privilege, or immunity secured by the U.S. Constitution or any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States. Defendants are without sufficient information at this time to admit or deny this Court's subject-matter jurisdiction, and do not waive any argument, or the right to make any argument, pertaining to this Court's subject-matter jurisdiction.

18. Defendants admit that 28 U.S.C. Section 2201-02 and Federal Rule of Civil Procedure 57 authorize declaratory relief in this Court. Defendants admit Federal Rule of Civil Procedure 65 authorizes injunctive relief. Defendants deny Plaintiffs are entitled to such relief.

19. Defendants admit venue is proper in the Western District of Texas pursuant to 28 U.S.C. Section 1391. Defendants admit the laws at issue apply across the State of Texas. Defendants deny resolution of this case exceeds the scope of the parties, thereto.

## V. FACTS

20. Defendants admit Paragraph 20 accurately quotes S.B. 315. Defendants admit Paragraph 20 accurately quotes Texas Local Government Code Section 243.002. Defendants admit Paragraph 20 accurately quotes from the cited article. Defendants are without sufficient information to admit or deny any further allegations in Paragraph 20.

21. Defendants admit Paragraph 21 accurately quotes the referenced article. Defendants are without sufficient information to admit or deny any further allegations in Paragraph 21.

22. Paragraph 22 contains conclusory statements and argument that require no response. Defendants admit Paragraph 22 accurately quotes from the Senate Research Bill Analysis, as cited therein.

23. Paragraph 23 contains conclusory statements are argument that require no response. Defendants admit S.B. 315 several existing laws, and makes employing or contracting with persons under 21 years old unlawful for SOBs.

24. Defendants admit Paragraph 24 accurately quotes Texas Civil Practice and Remedies Code Chapter 125. Defendants admit S.B. 315 amends provisions in Texas Civil Practice and Remedies Code Section 125.0015(a).

25. Defendants admit that Texas Civil Practice and Remedies Code Section 125.0015(a)'s list of "purposes" included, "employing a minor" at (Section 125.0015(a)(19)) prior to passage of S.B. 315, and S.B. 315 amended that language. Defendants admit that Section 125.0015(a)'s

list of "purposes" also included "employment harmful to a child as described by Section 43.251" of the Texas Penal Code, but deny that S.B. 315 amended that language.

26. Defendants admit Paragraph 26 accurately quotes Section 125.0015(a)(19), as amended. Defendants admit Chapter 125 permits, under certain circumstances outlined in that provision, the filing of suit to abate or enjoin a common nuisance, including where persons habitually go, knowingly tolerate, and fail to make reasonable attempts to abate employing or entering into a contract for the performance of work or the provision of a service with an individual younger than 21 years of age for work or services performed at a sexually oriented business as defined by Texas Local Government Code Section 243.002. Defendants deny Chapter 125 contains no exceptions. Defendants deny that all violators are subject to all penalties listed, inasmuch as many of those referenced only arise where (1) a court has entered an order abating a common nuisance, and (2) a party violates that order.

27. Admit.

28. Defendants are without sufficient information to admit or deny Plaintiffs' allegations in the first sentence of Paragraph 28, inasmuch as Defendants are unable to decipher the meaning of the sentence. Defendants deny S.B. 315 amended Texas Penal Code Chapter 20A or Texas Civil Practice and Remedies Code Chapter 140A. Defendants admit that Texas Penal Code Chapter 20A enumerates various trafficking crimes. Defendants admit Texas Civil Practice and Remedies Code Chapter 140A references Texas Penal Code Chapter 20A. Defendants admit Paragraph 29 accurately quotes Texas Civil Practice and Remedies Code Section 140A.002.

29. Defendants deny the allegations in Paragraph 29 to the extent they suggest S.B. 315 amended all of the cited Texas Labor Code provisions (§§ 51.001-.016). Otherwise, admit.

30. Defendants deny that the exception in Texas Labor Code Section 51.016(g) applies to Texas Labor Code Section 51.015(b). Otherwise, admit.

31. Defendants admit that S.B. 315 provides that violation of Texas Labor Code 51.016(i)(3) is a Class A misdemeanor, but deny Class A misdemeanors constitute a "new criminal penalty." Otherwise, admit.

32. Defendants are without sufficient information to admit or deny the allegations in Paragraph 32.

33. Defendants are without sufficient information to admit or deny the allegations in Paragraph 33.

34. Defendants are without sufficient information to admit or deny the allegations in Paragraph 34.

35. Defendants are without sufficient information to admit or deny the allegations in Paragraph 35.

36. Defendants are without sufficient information to admit or deny the allegations in Paragraph 36.

37. Defendants are without sufficient information to admit or deny the allegations in Paragraph 37.

38. Defendants are without sufficient information to admit or deny the allegations in Paragraph 38.

39. Defendants are without sufficient information to admit or deny the allegations in Paragraph 39.

40. Defendants are without sufficient information to admit or deny the allegations in Paragraph 40.

41. Defendants are without sufficient information to admit or deny the allegations in Paragraph 41.

42. Defendants are without sufficient information to admit or deny the allegations in Paragraph 42.

43. Defendants are without sufficient information to admit or deny the allegations in Paragraph 43.

44. Defendants admit businesses as described in Texas Local Government Code Section 243.002 are subject to S.B. 315's age-based restrictions. Otherwise, Defendants are without sufficient information to admit or deny the allegations in Paragraph 44.

45. Defendants are without sufficient information to admit or deny the allegations in Paragraph 45.

46. Defendants are without sufficient information to admit or deny the allegations in Paragraph 46.

47. Defendants are without sufficient information to admit or deny the allegations in Paragraph 47.

48. Defendants are without sufficient information to admit or deny the allegations in Paragraph 48.

49. Defendants are without sufficient information to admit or deny the allegations in Paragraph 49.

50. Defendants admit that businesses as described in Texas Local Government Code Section 243.002 are subject to S.B. 315's age restrictions. Otherwise, Defendants are without sufficient information to admit or deny the allegations in Paragraph 50.

51. Defendants are without sufficient information to admit or deny the allegations in Paragraph 51.

52. Defendants are without sufficient information to admit or deny the allegations in Paragraph 52.

## CAUSES OF ACTION

53. Admit.

54. Deny.

### Count I

55. Defendants admit the first sentence in Paragraph 55. Defendants admit Paragraph 55 accurately quotes *Johnson v. City of Opelousas*, 658 F.2d 1065, 1072 (5th Cir. 1981), but deny the applicability of that quote to the instant cause. Otherwise, denied.

56. Defendants deny the first sentence in Paragraph 56. Defendants admit that Plaintiffs TEA, Ricks Cabaret, XTC Cabaret, and New Fine Arts join in the individuals challenge to S.B. 315, but deny the remaining allegations in Paragraph 56.

57. Defendants deny that any and all live entertainment is necessarily protected expression under the First Amendment, and deny that *Schad v. Borough of Mount Ephraim*, 452 U.S. 61, 65 (1981) supports such a broad proposition. Defendants admit that *City of Erie v. Pap's A.M.*, 529

U.S. 277, 289 (2000) held that the nude dancing of the type at issue in that case is expressive conduct that only falls within the outer ambit of the First Amendment's protection, but denies the allegations in Paragraph 57 to the extent they suggest a broader application of the holding in that case. Defendants admit Paragraph 57 accurately quotes *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 (1994), and admits that movies and books may fall within the category of non-obscene, sexually explicit materials described therein, but denies the applicability of this principle to the instant cause.

58. Deny.

59. Defendants admit Paragraph 59 accurately quotes *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County, Tennessee*, 274 F.3d 377, 397 (6th Cir. 2001), but deny the applicability of that quote to the instant cause. Defendants deny all remaining allegations in Paragraph 59.

60. Defendants admit Paragraph 60 accurately quotes *Smith v. People of the State of California*, 361 U.S. 147 (1959), but deny the applicability of that quote to the instant cause. Defendants admit Paragraph 60 accurately quotes *Roe v. Amazon*, 170 F.Supp.3d 1028, 1040 (S.D. Ohio 2016), aff'd, 714 Fed.Appx. 565 (6th Cir. 2017), but denies the applicability of that quote to the instant cause. Defendants deny all remaining allegations in Paragraph 60.

61. Defendants admit Paragraph 61 accurately quotes *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 225 (1990), but denies the applicability of that quote to the instant cause. Defendants deny all remaining allegations in Paragraph 61.

62. Defendants admit Paragraph 62 accurately quotes *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County, Tennessee*, 274 F.3d at 396, but deny the applicability of that quote to the instant cause. Defendants deny all remaining allegations in Paragraph 59.

63. Deny.

64. Defendants admit Paragraph 64 accurately quotes *United States v. Robel*, 389 U.S. 258, 265 (1967), but deny the applicability of that quote to the instant cause. Defendants deny all remaining allegations in Paragraph 64.

65. Defendants admit that all plaintiffs challenge S.B. 315 as overbroad, but deny the merits of that challenge. Defendants admit Paragraph 65 accurately quotes *City of Chicago v. Morales*, 527 U.S. 41, 52 (1999), but deny the applicability of that quote to the instant cause. Defendants admit Paragraph 65 accurately quotes *Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973).

66. Deny.

67. Deny.

**Constitutional Standards of Review**

68. Deny.

69. Defendants admit Paragraph 69 accurately quotes *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163 (2015), but deny the applicability of that quote to the instant cause. Defendants admit *City of Austin, Texas v. Reagan National Advertising of Austin, LLC*, 142 S.Ct. 1464 (2022) quotes *Reed*, but denies *Reagan* applied strict scrutiny. Defendants admit Paragraph 69 accurately quotes *Sonnier v. Quarterman*, 476 F.3d 349, 368 (5th Cir. 2007), but deny the applicability of that quote to the instant cause.

70. Deny.

71. Deny.

72. Defendants admit Paragraph 72 accurately quotes Texas Local Government Code Section 243.004. Defendants admit Paragraph 72 accurately quotes *Young v. Am. Mini Theatres, Inc.*, 427 U.S. 50, 56, n.12 (1976), but deny the applicability of that quote to the instant cause. Defendants deny all remaining allegations in Paragraph 72.

73. Defendants admit Paragraph 73 accurately quotes *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 165 (2015), but deny the applicability of that quote to the instant cause. Defendants deny that *Reagan National Advertising of Austin, Inc. v. City of Austin*, 972 F.3d 696, 703 fn. 3 (5th Cir. 2020) reversed on other grounds *sub nom City of Austin, Texas v. Reagan National Advertising of Austin, LLC*, 142 S.Ct. 1464 (2022) cite to *Reed*. Defendants deny all remaining allegations in Paragraph 73.

74. Deny.

75. Deny.

76. Defendants deny the first sentence in Paragraph 76. Defendants admit *United States v. O'Brien*, 391 U.S. 367 (1968) sets the applicable standard for intermediate scrutiny of a First Amendment challenge, but deny Paragraph 76 accurately paraphrases that analysis.

77. Deny.

78. Defendants admit Paragraph 78 correctly quotes *Butler v. State of Mich.*, 352 U.S. 380, 383 (1957). Defendants deny the remaining allegations in Paragraph 78.

79. Deny.

## Request for Declaratory Relief

80. Defendants admit Section 1983 and 28 U.S.C. Sections 2201-2202 permit declaratory relief under certain circumstances. Defendants admit Paragraph 80's description of *Christian Legal Soc'y Chapter of the Univ. of Cal. v. Martinez*, 561 U.S. 661, 673 (2010) is accurate. Defendants deny that Plaintiffs are entitled to the relief sought.

## Request for Injunctive Relief

81. Deny.

## Attorneys' Fees

82. Defendants admits 42 U.S.C. Section 1988 makes available attorneys' fees and expert fees damages under certain circumstances, but denies Plaintiffs are entitled to recover them.

## **CONCLUSIONS**

Plaintiffs' Conclusion contains conclusory statements and argument that require no response. Defendants deny all allegations in Plaintiffs' Conclusion.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

CHRISTOPHER D. HILTON
Chief, General Litigation Division

/s/ *Ryan G. Kercher*
RYAN G. KERCHER
Texas Bar No. 24060998
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
Ryan.Kercher@oag.texas.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2022, a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record.


/s/ *Ryan G. Kercher*
RYAN G. KERCHER