IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FELIX VALADEZ, LUIS CARRIZOZA, ABIGAIL REYES, AMADA MAN, and TEXAS ENTERTAINMENT ASSOCIATION, INC. § § § § § § *Plaintiffs* § § v. § § KEN PAXTON, in his official capacity as § Attorney General of the State of Texas, § and ED SERNA, in his official capacity § as Executive Director of the Texas § Workforce Commission, § § *Defendants.* § | | CIVIL ACTION NO. 1:21-CV-519 |

## DEFENDANTS' MOTION FOR STAY

Defendants Ken Paxton, in his official capacity as Attorney General of the State of Texas, and Ed Serna, in his official capacity as Executive Director of the Texas Workforce Commission ("Defendants") file this Motion for Stay. In support, Defendants would show the Court the following:

### SUMMARY

The instant cause has a twin that, until recently, has been pending in the El Paso Division. Judge Montalvo recently granted the State defendants' Rule 12(b) motion to dismiss that case, and the plaintiffs have appealed to the Fifth Circuit. The Fifth Circuit's ruling in that twin case will dispose of, or substantially narrow, the issues in the instant cause.

Defendants move this Court to stay the instant cause pending the Fifth Circuit's ruling in the El Paso case because the inefficiency of duplicative litigation prejudices Defendants, and because the requested stay does not prejudice Plaintiffs.

## BACKGROUND

### A. The *Valadez* Case

Plaintiffs filed the instant suit ("*Valadez*") on June 14, 2021.[1] The Court heard Plaintiffs' Motion for Preliminary Injunction,[2] and denied it.[3] The Court also denied Plaintiffs' Motion to Alter or Amend that denial.[4] The Court granted in part, and denied in part, Defendants' Motion to Dismiss.[5]

The Parties have conferred under Rule 26(f), and exchanged Rule 26(a) disclosures. The Parties have also conferred regarding mediation, and the Court has issued a scheduling order.[6] Plaintiffs recently propounded discovery to Defendants, but no responses, objections, or responsive documents have been exchanged.

### B. The *DC Operating* Case

Between this Court's denial of Plaintiffs' Motion for Preliminary Injunction and its denial of Plaintiffs' Motion to Alter or Amend, a different group of plaintiffs filed a virtually identical lawsuit in El Paso County Court at Law Number 6.[7] Despite a notice of appearance on file for the State defendants in that case, the plaintiffs obtained an *ex parte* temporary restraining order after hours on a county holiday.[8] The State defendants removed the case to the Western District of Texas, El Paso Division, and the case was assigned to the Honorable Frank Montalvo. *DC Operating, LLC d/b/a Dreams, et al. v. Paxton, et al.*; Cause No. EP-22-CV-00010-FM; W.D. Tex., El Paso Div. ("*DC Operating*").

The *DC Operating* plaintiffs are two exotic dancers, and the club where they dance. Defendants are Ken Paxton in his official capacity as Attorney General for the State of Texas, Ed Serna in his

---

[1] *Valadez* Dkt. 1.
[2] *Valadez* Dkt. 27 (7/16/2021).
[3] *Valadez* Dkt. 29 (7/20/2021).
[4] *Valadez* Dkt. 35 (1/20/2022).
[5] *Valadez* Dkt. 37 (3/31/2022).
[6] *Valadez* Dkts. 46, 43.
[7] Exh. 1.
[8] Exh. 2.

official capacity as Executive Director for the Texas Workforce Commission, and Richard D. Wiles in his official capacity as Sheriff of El Paso County.[9] There are only a handful of differences between the *DC Operating* petition and the *Valadez* Complaint. The *DC Operating* petition makes allegations specific to the parties in that case.[10] It also alleges the exotic club at issue in that case does not serve alcohol.[11] Finally, the *DC Operating* factual allegations made in support of the motion for temporary restraining order and preliminary injunction include a description of law enforcement personnel checking records of dancers at the plaintiff club.[12]

The remaining allegations and legal theories in the *DC Operating* petition are cut and pasted from the *Valadez* complaint. The causes of action are identical, the cited case law is identical, the broader factual allegations and irrelevant discussion of putative misconduct at the State Legislature are identical, and the two pleadings' arguments regarding judicial scrutiny are identical.

Judge Montalvo heard the *DC Operating* plaintiffs' motion for preliminary injunction,[13] denied it,[14] and granted the State defendants' motion to dismiss.[15] The *DC Operating* plaintiffs filed a notice of appeal, which challenges the order denying the preliminary injunction, the order granting the motion to dismiss, and Judge Montalvo's putative refusal to rule on the *DC Operating* plaintiffs' motion for leave to amend.[16]

---

[9] The *DC Operating* plaintiffs also sued an unnamed Commissioner of the Texas Department of Licensing and Regulation, as well as Ricardo A. Samaniego in his official capacity as County Judge of El Paso County, Texas. Judge Montalvo dismissed those defendants *sua sponte* because the plaintiffs failed to plead any allegations pertaining to them. The *DC Operating* plaintiffs do not challenge that order of partial dismissal. *See DC Operating* Dkts. 15, 31.
[10] Exh. 1, ¶¶ 1-8.
[11] *Id.* at ¶ 38.
[12] *Id.* at ¶ 95.
[13] *DC Operating* Dkt. 13.
[14] *DC Operating* Dkt. 21.
[15] *DC Operating* Dkt. 29.
[16] *See DC Operating* Dkt. 25.

**ARGUMENT AND AUTHORITY**

"Incidental to the district court's inherent power 'to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants,' is 'the power to stay proceedings.'" *In re Beebe*, 56 F.3d 1384, 1995 WL 337666, *2 (5th Cir. May 15, 1995) (*per curiam*) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). District courts therefore have discretionary, though not unbounded, power to stay proceedings in control of their dockets and in the interests of justice. *Id.*; *see also Hines v. D'Artois*, 531 F.2d 726, 733 (5th Cir. 1976). "'[W]hen granting a stay pending resolution of another case, the court must consider the time expected for resolution of that case. The resultant stay must not be of immoderate or indefinite duration.'" *Clark v. Southwest Airlines Co.*, 2017 WL 1435762, *2 (W.D. Tex. Apr. 21, 2017) (quoting *Pecan East Antonio Inv/rs, Inc. v. KPMG LLP*, No. 5:04-CA-677, 205 WL 2105751, at *4 (W.D. Tex. Aug. 31, 2005) (citing *Wedgeworth v. Fireboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983)).

*Valadez* and *DC Operating* are remarkably similar not only in the nature of the legal and factual issues presented, but also in their relative procedural posture. Virtually all of the *DC Operating* petition is cut and pasted from the *Valadez* complaint. Both cases held evidentiary preliminary injunction hearings that included argument, testimony from plaintiffs, and testimony from Cara Pierce on behalf of Defendants. Both cases have fully briefed motions to dismiss. While a piece of *Valadez* remains to be litigated, very little has transpired since the Court ruled on Defendants' motion to dismiss. Plaintiffs have propounded an initial round of discovery, but responses are not yet due. It is difficult to conceive of a ruling from the Fifth Circuit in *DC Operating* that would not dispose of many, if not all, of the issues remaining in *Valadez*. Both cases raise identical First Amendment challenges to SB315, and make the same allegations regarding appropriate scrutiny.

Litigating, conducting extensive discovery on, and briefing issues that *DC Operating* will narrow or dispose of prejudices Defendants. If the Fifth Circuit upholds the *DC Operating* dismissal, that

holding will dispose of all, or at least most, of the issues in *Valadez*. If the Fifth Circuit reverses the *DC Operating* dismissal and renders, that ruling will also likely dispose of many or all issues in *Valadez*. An order remanding *DC Operating* will likewise narrow issues to be litigated, discovered, and briefed in *Valadez*. Defendants should not have to expend substantial resources to litigate matters that *DC Operating* will shortly dispose of, or narrow.

Conversely, a stay will not prejudice Plaintiffs. The Court has already denied Plaintiffs' motion for preliminary injunction, and that status quo remains unaltered during the stay. Moreover, Defendants do not seek an open-ended stay. According to the Fifth Circuit, the Administrative Office of the U.S. Courts statistics shows that the median time from filing of a notice of appeal to issuance of a Fifth Circuit opinion is 10.6 months.[17]

The power to stay *Valadez* lies within the Court's discretion. Judicial efficiency, preservation of the Parties' time and resources, avoidance of prejudice to Defendants, and the lack of prejudice to Plaintiffs all recommend that the Court should grant this Motion for Stay.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion to Stay, and award Defendants such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

---

[17] Practitioner's Guide to the United States Court of Appeals For the Fifth Circuit, p.6 (September 2021); available at ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/documents/practitionersguide.pdf (last visited August 3, 2022).

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

CHRISTOPHER D. HILTON
Chief, General Litigation Division

*/s/ Ryan G. Kercher*
RYAN G. KERCHER
Texas Bar No. 24060998
Assistant Attorney General
CHRISTOPHER D. HILTON
Texas Bar No. 24087727
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
Ryan.Kercher@oag.texas.gov
*Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

On July 29, 2022, the undersigned counsel for Defendants corresponded with Plaintiffs' counsel to confer about the instant Motion for Stay. On August 1, 2022, counsel for Plaintiffs confirmed Plaintiffs oppose the instant motion.

*/s/ Ryan G. Kercher*
RYAN G. KERCHER

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2022, a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record.

*/s/ Ryan G. Kercher*
RYAN G. KERCHER
