IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FELIX VALADEZ, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:21-CV-519-RP |
| KEN PAXTON, et al., | § § § | |
| Defendants. | § | |

### ORDER

Before the Court is the report and recommendation from United States Magistrate Judge Mark Lane concerning the parties' cross-motions for summary judgment, (Dkts. 66, 71). (R. & R., Dkt. 85). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Lane issued his report and recommendation on July 26, 2023. (*Id.*). Both parties filed objections to the report and recommendation. (Dkts. 86, 87).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because the parties timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*. Having done so and for the reasons given in the report and recommendation, the Court overrules the parties' objections and adopts the report and recommendation as its own order.

In particular, Plaintiffs Felix Valadez, et al. ("Plaintiff") object to the magistrate judge's finding that intermediate scrutiny applies. (Obj., Dkt. 86). The magistrate judge found that intermediate scrutiny applied both because (1) Texas Senate Bill 315 ("S.B. 315") is a time, place,

1

and manner restriction and (2) it can be justified without reference to a content-based reason. (R. &. R., Dkt. 85, at 5–8). The Court adopts the report and recommendation because it agrees that S.B. 315 is a secondary effects time, place, and manner restriction. However, because it recognizes that the applicable level of scrutiny is a question currently pending before the Fifth Circuit, it will order the parties to be prepared to discuss and argue both levels of scrutiny at the bench trial.

In *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 165 (2015), the Supreme Court held that a "law that is content based on its face is subject to strict scrutiny regardless of the government's benign motive, content-neutral justification, or lack of animus toward the ideas contained in the regulated speech." In 2020, the Fifth Circuit took inventory of its First Amendment cases in light of *Reed*, and ultimately determined that its precedent which had applied intermediate scrutiny to content-based laws must be abrogated. *Reagan Nat'l Advertising of Austin, Inc. v. City of Austin,* 972 F.3d 696 (5th Cir. 2020). In footnote three, the Fifth Circuit listed cases that must be abrogated, which included both "content-neutral justification" cases and "secondary effects." *Id.* at 703 n.3. However, the Supreme Court then reversed *Reagan* on largely different grounds, holding that the ordinance at issue was not content based. *Reagan Nat'l Advertising of Austin*, *LLC*, 142 S.Ct. 1464 (2022). The decision leaves open the question of whether the Fifth Circuit's abrogation remains valid in light of the Supreme Court's reversal. The question is currently before the Fifth Circuit. *Assoc. of Club Exct. v. City of Dallas*, 604 F. Supp. 3d 414 (N.D. Tex. 2022), *appeal pending* No. 22-10556.

This Court is skeptical of the notion that the Fifth Circuit has not abrogated its "content-neutral justification" cases. *Reed* plainly held the doctrine invalid. 576 U.S. at 165 ("[A] law that is content based on its face is subject to strict scrutiny regardless of the government's . . . content-neutral justification . . . ."). Regardless of *Reagan*'s reversal at the Supreme Court, it is clear from *Reed* itself that the doctrine has been overturned. The Court therefore finds it unlikely that a content-neutral governmental purpose alone could justify intermediate scrutiny for S.B. 315.

Still, the Court agrees that intermediate scrutiny applies because S.B. 315 is a time, place, and manner restriction under *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41 (1986) and *City of Los Angeles v. Alameda Books, Inc.*, 535 U.S. 425 (2002). Unlike governmental purpose, it is far less clear that the secondary effects doctrine for time, place, and manner restrictions was overturned by *Reed*, especially as to sexually oriented businesses. *See Doe I v. Landry,* 909 F.3d 99 (5th Cir. 2018) (applying intermediate scrutiny but not discussing *Reed*); *Tex. Ent. Assoc., Inc. v. Hegar*, 10 F.4th 495, 509 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 2852 (2022) (discussing *Reed* but applying intermediate scrutiny under the secondary effects doctrine). Indeed, other circuits to evaluate the question have continued to apply intermediate scrutiny under *Renton. See BBL, Inc. v. Angola*, 809 F.3d 317, 326 n.1 (7th Cir. 2015) ("We don't think *Reed* upends established doctrine for evaluating regulation of businesses that offer sexually explicit entertainment."); *Free Speech Coalition, Inc. v. Atty Gen. United States*, 825 F.3d 149, 161 n.8 (3rd Cir. 2016) ("[I]t is doubtful that *Reed* has overturned the *Renton* secondary effects doctrine."). Because *Reed* was not a case involving sexually oriented businesses, did not discuss *Renton* at length, and the Fifth Circuit in *Hegar* has continued to apply *Renton*, the Court finds that the secondary effects test remains good law.

As *Ass'n of Club Executives* noted, there is an "apparent tension between the Fifth Circuit's decisions in *Reagan* and *Hegar*." 604 F. Supp. 3d at 424. That tension is likely to be resolved in a case that is already pending before the Fifth Circuit. *Id.*, *appeal pending* No. 22-10556. Although this Court takes the position that intermediate scrutiny should apply based on the secondary effects doctrine, it recognizes that the doctrine may be overturned prior to trial or a final judgment in this case. Therefore, the parties shall be prepared to discuss S.B. 315 under both intermediate and strict scrutiny at the bench trial.

3

The Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. 85), is **ADOPTED**. Plaintiffs' motion for summary judgment, (Dkt. 66), is **DENIED**. Defendants' motion for summary judgment, (Dkt. 71), is **GRANTED** as to the level of scrutiny but **DENIED** in all other respects.

**SIGNED** on September 21, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE